UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JAMES J. HOBBS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-337-M |
| ATTORNEY GENERAL OF STATE OF OKLAHOMA et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff James J. Hobbs, a state prisoner appearing pro se and proceeding *in forma pauperis*, has initiated the present federal civil rights action against four Defendants. *See* Compl. (Doc. No. 1); *see also* Pl.'s Mot. Appointment of Counsel (Doc. No. 13). United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636.

*I. Standard of Review*

The Court is obligated to conduct an initial review of Plaintiff's Complaint and dismiss the pleading, or any portion thereof, if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), § 1915A(b)(1), (2); Doc. No. 10 (order granting Plaintiff leave to proceed *in forma pauperis*). A district court may sua sponte dismiss a pro se complaint for failure to state a claim upon which relief may be granted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and amendment of the pleading would be futile. *McKinney v. Okla., Dep't of Human Servs.,*

*Shawnee*, 925 F.2d 363, 365 (10th Cir. 1991); *see Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."). A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally they "will not supply additional factual allegations to round out a plaintiff's complaint").

II. *Plaintiff's Factual Allegations and Legal Claims*

Plaintiff's Complaint identifies four Defendants: Oklahoma Attorney General Scott Pruitt; Doug Cressler, the former Chief Deputy Clerk for Tenth Circuit Court of Appeals; and Tenth Circuit Court of Appeals Judges O'Brien and Phillips. *See* Compl. at

2

1-2, 3.[1] Liberally construed, Plaintiff alleges that in 2012, officials at Oklahoma State Penitentiary ("OSP") impeded his efforts to obtain a certificate of appealability ("COA") from the Tenth Circuit in a habeas matter, resulting in Plaintiff filing a 42 U.S.C. § 1983 action against those OSP officials in the U.S. District Court for the Eastern District of Oklahoma. *See* Compl. at 2, 4, 6; *cf. Hobbs v. Okla. State Penitentiary*, No. CIV-14-501-RAW-SPS, 2016 WL 1242546 (E.D. Okla. Mar. 29, 2016), *appeal docketed*, No. 16-7022 (10th Cir. Apr. 6, 2016). In March 2016, while engaging in discovery for that § 1983 lawsuit, Plaintiff "discovered . . . alt[e]red legal documents" that had been filed in connection with his Tenth Circuit COA effort. Compl. at 1, 2. Plaintiff alleges that legal documents or evidence were altered in an unspecified manner in order "to destroy the cornerstone of complaint or factual showing" "by State employees and officers of the courts" who are "members of the Masonic Lodges of America, who hold these political seats in the U.S. Department of Justice." *Id.* at 6-7.

Plaintiff alleges that Defendants' conduct violated his rights under the First, Sixth, and Fourteenth Amendments. *Id.* at 2, 6-7; *see also* Pl.'s Mot. Appointment of Counsel at 2-21. As relief, Plaintiff seeks: (1) dismissal of the state criminal charges upon which he was convicted; and (2) compensation "for the 37 years of mental suffering by psychological fear of being assass[i]nated . . . by members of the Masonic Order." Compl. at 8.

---

[1] Citations to Plaintiff's filings use the CM/ECF pagination.

### III. Analysis

#### A. *Plaintiff's Request to Have State Criminal Conviction Dismissed*

To state a claim against a state official such as Defendant Pruitt under 42 U.S.C. § 1983, Plaintiff must allege sufficient facts to plausibly show that a person acting under color of state law has violated or is violating Plaintiff's federal rights. *See* 42 U.S.C. § 1983; *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). And to state a claim against Defendants Cressler, O'Brien, and Phillips under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff must plausibly allege that those federal officials violated or are violating his federal rights. *See Pahls*, 718 F.3d at 1225; *Soboroff v. Doe*, 569 F. App'x 606, 609-11 (10th Cir. 2014) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).

To the extent Plaintiff, a state prisoner convicted in a state court, challenges the facts of his imprisonment and seeks release from prison, however, "his sole federal remedy is a writ of habeas corpus," and this federal civil rights action is not a proper avenue to relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Boutwell v. Keating*, 399 F.3d 1203, 1208-09 (10th Cir. 2005). The undersigned takes judicial notice that Plaintiff already has twice sought and been denied habeas corpus relief from this Court, as well as the Tenth Circuit, under 28 U.S.C. § 2254. *See Hobbs v. Gibson*, No. CIV-98-628-M (W.D. Okla. Oct. 9, 1998) (order denying habeas relief), *appeal dismissed*, No. 99-6324, 2000 WL 158980 (10th Cir. Feb. 15, 2000); *Hobbs v. U.S. Court of Appeals*, No. CIV-13-279-HE, 2013 WL 5550505 (W.D. Okla. Oct. 7, 2013); *In re Hobbs*, No. 13-6231 (10th Cir. Jan. 7, 2014) (order denying authorization for second or

subsequent habeas petition). Further, Plaintiff's pleading expressly cites § 1983 and also seeks monetary damages. *See* Compl. at 1, 2, 8; *Parkhurst v. Wyoming*, 641 F.2d 775, 776 (10th Cir. 1981) (noting that a "money damage claim . . . is not cognizable in a habeas action"). The undersigned therefore declines to construe the Complaint as a habeas petition and recommends that Plaintiff's request for dismissal of his state-court criminal conviction be dismissed as not cognizable and failing to state a claim upon which relief can be granted under § 1983 or *Bivens*.

### B. Plaintiff's Civil Rights Claim for Money Damages

As to all Defendants, the Complaint's few factual assertions of wrongdoing are nonsensical, do not stand as a "short and plain statement of the claim," and are not sufficient "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal quotation marks omitted); Compl. at 1, 2-8; Fed. R. Civ. P. 8(a)(2), 12(b)(6). Plaintiff offers no allegations that adequately explain how his constitutional rights were violated or that plausibly and specifically reflect any Defendant's involvement in any capacity with the deprivations allegedly suffered by Plaintiff. *See* Compl. at 1, 2-8; *see also* Pl.'s Mot. Appointment of Counsel at 1-20. Because Plaintiff's Complaint does not include "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, all of Plaintiff's § 1983 and *Bivens* claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Pahls*, 718 F.3d at 1231 ("Liability under § 1983 and *Bivens* requires personal involvement."); *cf. Galindo v. Lampela*, 513 F. App'x 751, 753 (10th Cir. 2013) (affirming dismissal without prejudice of claims that were "too vague

and unintelligible to inform the named defendants of the legal claims being asserted" as required under Rule 8). Further, the allegations of the Complaint indicate that, even if Plaintiff's money-damages claims were adequately pled, all Defendants would be entitled to immunity from such claims. *See Peterson v. Timme*, 621 F. App'x 536, 541-42 (10th Cir. 2015); *Gradle v. Oklahoma*, 203 F. App'x 179, 182-83 (10th Cir. 2006); *Coleman v. Farnsworth*, 90 F. App'x 313, 315, 316-17 (10th Cir. 2004).

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed in its entirety without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). A dismissal on this basis qualifies as a prior-occasion "strike" under 28 U.S.C. § 1915(g). Upon dismissal, Plaintiff's pending Motion for Appointment of Counsel (Doc. No. 13) should be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 31st day of October, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE